IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOIS MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:12-CV-458-WKW |
| ) | [WO] |
| RUSSELL LANDS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lois Mitchell brings suit against her former employer, Russell Lands, Inc., alleging that it discriminated against her in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 ("ADEA"), and the Alabama Age Discrimination in Employment Act, Ala. Code §§ 25-1-21–29 ("AADEA").[1]  The cause comes before the court on Defendant's fully briefed Motion for Summary Judgment.  (Docs. # 23, 24, 26, 27, 29.)  For the reasons set forth below, Defendant's motion is due to be denied.

---

[1] The framework applicable to ADEA claims is identical to that for AADEA claims. *Robinson v. Ala. Cent. Credit Union*, 964 So. 2d 1225, 1228 (Ala. 2007); *Lambert v. Mazer Disc. Home Ctrs., Inc.*, 33 So. 3d 18, 24 (Ala. Civ. App. 2009).  Consequently, the court will not conduct an independent analysis of Plaintiff's AADEA claim.

## I.  JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.  It has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  The parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. civ. P. 56(a).  The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 f.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact.  *Id.*  A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable factfinder to return a verdict in its favor.  *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).  If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish – with evidence beyond

the pleadings – that a genuine dispute material to each of its claims for relief exists. *Celotex*, 477 U.S. at 324.

### III.  BACKGROUND

Plaintiff worked for forty-four years for Defendant, a company that, among other ventures, develops and sells real estate at Lake Martin. She began her employment in 1966 and was apparently an exemplary employee. Among intermittent duties as a real estate agent, an administrative assistant, and a greeter at a sales center, Plaintiff worked as the payroll administrator.

Around 2003, Defendant began implementing an automated payroll system. Automation changed Plaintiff's duties. Rather than manually calculating all pay rates and hours worked and then cutting checks as she had done before, Plaintiff entered hours worked and pay rates into spreadsheets, verified information, and ensured that the information balanced for all departments. The automation system did the rest.

Meanwhile, the real estate market, like many other industries, suffered an economic downturn beginning around 2008. Defendant – engaged in the business of developing and selling real estate – was not immune. Defendant suffered reduced earnings and profitability from 2009 to 2011.

During that downturn, in 2009, Defendant – via Tom Lamberth, the company's Chief Operating Officer – informed Plaintiff of its financial woes and gave her two

choices: She could work on a reduced salary and only every other week to calculate the biweekly payroll, or she could work weekends and some weekdays at a real estate office but keep the same salary. Plaintiff elected a third option not proposed by Defendant, and resigned. Company executives, however, persuaded her not to leave, and she withdrew her resignation shortly thereafter. She continued working at the same salary.

Approximately two years later, executives reached the conclusion that – with the benefit of the automated system – the payroll administrator position occupied by Plaintiff did not require a full-time employee. On April 1, 2011, Tom Lamberth again offered Plaintiff two choices: She could continue working three days a week at 75% of her previous salary indefinitely, effective immediately, or she could round out the calendar year working at her full salary and then retire. Plaintiff resigned on April 2, 2011.

No single employee replaced Plaintiff in her capacity as payroll administrator. Defendant did briefly list a full-time position as a payroll administrator, a listing it claims was in error. Ultimately, Defendant divvied up Plaintiff's former responsibilities among three employees, all more than five years younger than Plaintiff.

## IV. DISCUSSION

The ADEA prohibits an employer from taking adverse employment action "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Liability turns on whether age "'actually motivated the employer's decision.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). Because this analysis implicates the employer's mental processes, courts employ the *McDonnell Douglas* framework, developed for Title VII cases, to ADEA actions where, as here, the plaintiff does not present direct evidence or statistical proof of discrimination. *Id.* at 142; *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 n.6 (11th Cir. 2001); *see also Schweers v. Montgomery Pub. Schools*, 511 F. Supp. 2d 1128, 1136 (M.D. Ala. 2007) (explaining that a plaintiff may establish a prima facie case of age discrimination through direct evidence, statistical proof, or the *McDonnell Douglas* framework).

Under that framework, a plaintiff bears the initial burden of presenting evidence that establishes a prima facie violation of ADEA. *Reeves*, 530 U.S. at 142. Should the plaintiff establish a prima facie case, the defendant must produce a legitimate, nondiscriminatory reason for the employment action. *Id.* If the defendant cannot carry that burden, summary judgment is not warranted. But if the defendant succeeds,

5

the court must grant summary judgment unless the plaintiff produces sufficient "evidence to find that the employer's asserted justification is false" and in reality, a pretext for unlawful intentional discrimination. *Reeves*, 530 U.S. at 148. Accordingly, the court begins with whether Plaintiff has established a prima facie case of age discrimination.

Different adverse employment actions call for different elements of a prima facie case. "One method a plaintiff can use to establish a prima facie case for an ADEA violation is by showing that he (1) was a member of a protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). But in a case alleging a reduction-in-force, for example, the fourth element is not essential, as no one assumes the position formerly held by the plaintiff. *See Mitchell v. USBI Co.*, 186 F.3d 1352, 1354 (11th Cir. 1999) (requiring three elements for a prima facie case involving a reduction-in-force).

The more generic, three-prong approach used in reduction-in-force cases is also appropriate here, not because it is a reduction-in-force case, but because no single employee replaced Plaintiff. Instead, Defendant assigned Plaintiff's former responsibilities to three other employees. Thus, to state a prima facie case, Plaintiff

must demonstrate that: "(1) [she] was a member of the age group protected by the ADEA and was adversely affected by an employment decision; (2) [she] was qualified for her current position or to assume another position at the time of discharge; and (3) there is evidence from which a reasonable factfinder could conclude that the employer intended to discriminate on the basis of age in making its employment decision." *Mitchell*, 186 F.3d at 1253; *cf. Minton v. Am. Bankers Ins. Grp., Inc.*, No. 02-12942, 2003 WL 21303330, at * 3 (11th Cir. Feb. 6, 2003) (per curiam) (unpublished) (holding that where a position is eliminated and duties reassigned, a plaintiff establishes a prima facie case of age discrimination if she shows that her employer abolished her position "for discriminatory reasons").

Plaintiff easily establishes the first two elements of a prima facie case, as stated by *Mitchell*. Plaintiff, who was born in 1944, was older than forty in 2011. Thus, she was within the class protected by the ADEA. *Jameson v. Arrow Co.*, 75 F.3d 1528, 1531 (11th Cir. 1996) (holding that to state an ADEA claim, a plaintiff must be between the ages of forty and seventy). Additionally, however it is characterized,[2] converting Plaintiff's position to part-time and adjusting her salary downward, even

---

[2] The parties disagree about the character of the adverse employment action. Defendant argues it is "converting a full time job to a part time job," or alternatively, not an adverse employment action at all, as Plaintiff ultimately resigned. (Docs. # 29 at 1; # 24 at 11 n.4.) Plaintiff argues the adverse action was the 25% pay decrease imposed April 1, 2011, the day before she resigned. (Doc. # 27 at 8.) The action could just as easily be analyzed as a demotion – from a full-time to a part-time position – with the same outcome.

7

for one day, was an adverse employment action. It affected Plaintiff's "compensation, terms, conditions, or privileges of employment." 29 U.S.C. § 623(a)(1). The action was "not adverse merely because [Plaintiff] dislike[d] it or disagree[d] with it," but because a 40% reduction in hours and accompanying 25% reduction in salary constituted a "serious and material change." *Otu v. Papa John's USA, Inc.*, 400 F. Supp. 2d 1315, 1332 (N.D. Ga. 2005). And as to the second element, Defendant acknowledges that Plaintiff was qualified for her position. (Doc. # 28-2 at 71–72 (Deposition of Tom Lamberth).)

Most importantly, Plaintiff succeeds in establishing a prima facie case because there is evidence from which a reasonable factfinder could conclude that Defendant intended to discriminate on the basis of age in changing the terms of her employment. Though Tom Lamberth, acting on behalf of Defendant, "closely examine[d] all functions performed at the company" in light of the difficult economic conditions and decreased profitability, he could identify no other position he examined for elimination in 2011 other than Plaintiff's. In fact, Plaintiff has produced evidence that from 2009 to 2011, Defendant increased its total employees (including seasonal) from 459 to 679, despite its profitability problems. (Docs. # 28-2 at 54; 25-3 at 6–9.) Moreover, Plaintiff produced evidence that approximately one month after she left her

8

employment, Defendant posted a listing for the position seeking a full-time employee. (Doc. # 28-2 at 68.)

Plaintiff has also produced evidence that Tom Lamberth asked her in the month before her hours were reduced when she would retire and that the three employees who assumed her duties – and who were not asked to accept reduced hours or compensation – were all at least five years younger than she. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999) (holding that a five-year age difference is "substantial" for the purposes of an ADEA claim). And Plaintiff has shown that executives considered her qualified for her position, even an exemplary employee. Construing these facts and the inferences from them in the light most favorable to Plaintiff, a reasonable factfinder could conclude that Defendant's decision to cut Plaintiff's hours was discriminatory.

Because Plaintiff has established a prima facie case, the burden shifts to Defendant to present a legitimate, nondiscriminatory reason for converting Plaintiff's position to part-time. Defendant points to the conclusion of its officers that the position did not require a full-time employee and the company's need to cut expenses in light of its financial woes. (Doc. # 24 at 13–14.) Such justifications are not motivated by any age-based animus, and therefore Defendant has met its burden of production.

9

The burden shifts back to Plaintiff to establish that Defendant's justifications are pretextual. Under the circumstances, the pretext prong largely collapses into the third prong of Plaintiff's prima facie case. *See Chapman*, 229 F.3d at 1024 (remarking that the previously produced evidence establishing the prima facie case can also go to the pretext prong); *Minton*, 2003 WL 21303330, at *3 (stating that a plaintiff could state a prima face case of age discrimination if he could show the elimination of his position "was merely a pretext to shroud" his employer's discriminatory intent). Plaintiff had to produce evidence from which a reasonable juror could conclude the adverse employment action did not result from the proffered legitimate reasons but from discrimination on the basis of age. *Chapman*, 229 F.3d at 1024; *Mitchell*, 186 F.3d at 1354.

Although it is a close call, she has done so. Plaintiff has produced evidence that during the same time frame the company worried about its financial straits so much that it reduced her hours and compensation, it increased its overall number of employees. Moreover, Defendant listed an opening for the vacancy her resignation created and sought a full-time replacement. Defendant insists the listing was posted in error and that it interviewed no candidates (Doc. # 28-3 at 110), but that is a credibility question not resolvable on summary judgment.

10

The relevant inquiry is whether Plaintiff "has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotations omitted). The evidence – including that used for Plaintiff's prima facie case – and the inferences from it construed in the light most favorable to Plaintiff undermines Defendant's ostensible justifications for her termination.

Evidence suggesting pretext is "simply one form of circumstantial evidence that is probative of intentional discrimination." *Reeves*, 530 U.S. at 147. "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Id.* Based on the evidence Plaintiff has produced construed in the light most favorable to her, there is a genuine issue of material fact regarding whether Defendant intentionally discriminated against Plaintiff in the terms of her employment on the basis of her age. The court will leave for the jury whether to draw an inference of intentional discrimination.[3]

---

[3] Though the court finds that Defendant is not entitled to summary judgment, the court also has the discretion, which it could exercise here, to permit the claims to proceed to trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Neither do we suggest that . . . the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

## V. CONCLUSION

According, it ORDERED that Defendant's Motion for Summary Judgment (Doc. # 23) is DENIED.

DONE this 3rd day of June, 2013.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
